## 11763

### PERRIN v. SCARBOROUGH, SHERIFF *ET AL.*

#### (128 S. E., 45)

1. TAXATION—SHERIFF HELD REQUIRED UNDER STATUTE TO PAY TAXES AND PENALTIES COLLECTED TO TREASURER THEN IN OFFICE, RATHER THAN TO FORMER TREASURER WHO HAD ISSUED EXECUTIONS.—Under Civ. Code, 1922, § 527, requiring Sheriffs to pay over to Treasurer all taxes and penalties collected on tax executions issued by Treasurer, Sheriff must make such payment to Treasurer holding office at time of payment, rather than to former Treasurer who issued executions.

2. COUNTIES—COUNTY TREASURER ISSUING TAX EXECUTION IS ENTITLED TO STATUTORY FEE, THOUGH PAYMENT NOT MADE UNTIL AFTER HE HAS LEFT OFFICE.—Treasurer issuing tax executions is entitled to fee provided for by Civ. Code, 1922, § 521, notwithstanding at time of payment he no longer holds office.

Proceeding in the original jurisdiction for mandamus by T. C. Perrin, as former Treasurer of the County of Lee, against S. J. Scarborough, as Sheriff, and R. M. Smith, as Treasurer, both of the County of Lee. Decree for plaintiff.

*Messrs. Dean, Cothran & Wyche* for plaintiff.

May 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding in the original jurisdiction of this Court in mandamus. The complaint is as follows:

"The complaint of the above named plaintiff respectfully shows:

"(1) That during the years 1921 and 1922, and until June 30, 1923, he was duly elected and qualified Treasurer of Lee County, S. C.

"(2) That the defendants, S. J. Scarborough and R. M. Smith, are the duly elected and qualified Sheriff and Treasurer, respectively, of the County of Lee, S. C.

"(3) That for the fiscal year 1921 the plaintiff issued certain tax executions to the Sheriff for the collection of

delinquent taxes, and on June 30, 1923, there remained in the hands of the Sheriff 438 uncollected executions.

"(4) That on June 1, 1923, the plaintiff issued to the Sheriff of Lee County 3,196 executions for delinquent taxes for the fiscal year 1922.

"(5) That on the executions for 1921 the Sheriff collected 214 thereof, and on the executions issued for the year 1922 the Sheriff collected 1,647 thereof. That the plaintiff herein is entitled to $1 for each execution collected, and on the executions for 1921 he is now entitled to $214, and on the executions for 1922 he is entitled to $1,647, making a total of $1,861 due at the present time.

"(6) That the plaintiff has an equitable interest in the executions amounting to $1,773 not yet collected, and will be entitled to $1 for each when collected by the Sheriff.

"(7) That the defendant, S. J. Scarborough, as Sheriff as aforefsaid, has in his possession the sum of $1,861, which amount he refuses to pay to the plaintiff.

"(8) That the defendant, R. M. Smith, as Treasurer, is made a party to this suit for the reason that he claims an interest in said sum of money held by the Sheriff.

"(9) The plaintiff alleges that he is entitled to a writ of mandamus from this Honorable Court, directed to the defendant, S. J. Scarborough, as Sheriff, requiring him to immediately pay the sum of $1,861 to this plaintiff, and further directing the defendant, S. J. Scarborough, as Sheriff, to pay to this plaintiff the sum of $1 on each of the 1,773 executions now in his hands uncollected when the same or any part thereof shall be collected.

"Wherefore, the plaintiff prays that a writ of mandamus be issued by this Honorable Court for the purposes set forth in the foregoing complaint."

I. The Sheriff in his return admits that he has the money in hand, but it is claimed by two, and he does not know to which of the two to pay it. Section 527, Civ. Code 1922, very clearly answers that question.

"It is hereby made the duty of the said Sheriffs, respectively, to make return of all tax executions to the Treasurer of their respective counties within ninety days after the date of the issue thereof, designating such as may be *nulla bona* and such as may have been collected by distress or otherwise, and within the same time to pay over to the said Treasurer all taxes and penalties collected by them."

The Sheriff is not concerned with the ownership of the fund. His clear duty is to pay over to the Treasurer the funds collected. "Said Treasurer" means the man who holds the office at the time of payment. The return of Mr. Smith, the present County Treasurer, claims that he is now County Treasurer and entitled to the fund.

Now, as to who is entitled to the fund? The statute is also clear. In Section 521 we find: "The Treasurer for every such warrant issued shall have from such defaulter $1.00." For the isuing of the warrant the County Treasurer is entitled to $1.00. The present Treasurer did not issue these warrants, and is not entitled to the pay. The former Treasurer did issue the warrants, and is clearly entitled to the pay.

It is claimed, however, that inasmuch as the Sheriff must pay to Mr. Smith, the present Treasurer, this $1.00 per warrant, therefore the money belongs to Mr. Smith. That is untenable, as the Sheriff must pay to Mr. Smith all the money he has collected, and that principal would give to Mr. Smith, personally, all delinquent taxes collected. Mr. Perrin, who issued these warrants, is entitled to the fees for the warrants he issued.

The Sheriff must pay over the fund to Mr. Smith, as County Treasurer, but Mr. Smith, as County Treasurer, holds it for Mr. Perrin.

· MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.

MR. JUSTICE COTHRAN did not participate.