14509

SMITH v. ASHMORE ET AL.

(192 S. E., 289)

284

 June, 1937. 

Original proceedings for writ of mandamus by Robert N. Smith against John P. Ashmore and others.

*Messrs. Price & Poag* and *W. A. Bull,* for petitioner, cite: 

*Messrs. W. E. Bowen* and *Dakyns B. Stover,* for respondents, cite: 

July 8, 1937.

The opinion of the Court was delivered by Mr. Justice BONHAM.

This is a petition in the original jurisdiction of the Court seeking to have the Court issue its writ of mandamus requiring the respondents, the County Board of Commission-

ers of Greenville County, to issue their warrant in the sum of $278.01 in favor of R. N. Smith, representing costs due him and directing Robert N. Smith, as county treasurer, to pay said warrant when issued.

The petition sets forth that John P. Ashmore is the supervisor of Greenville County, and C. O. Milford, L. H. Stringer, and R. W. Arrington are the qualified members of the County Board of Commissioners of Greenville County, and they, with John P. Ashmore, supervisor, constitute the governing body of the county, charged with the conduct of its business and financial affairs, and the issuing of vouchers and warrants for the disbursement of county funds. Petitioner is the duly elected and qualified treasurer of the county.

That during the years beginning July 1, 1931, up to and through the fiscal year 1936, petitioner issued over 30,000 tax executions for the collection of delinquent taxes, and on May 1, 1937, there remained in the hands of the delinquent tax collector more than 10,000 delinquent tax executions for the years named.

That W. H. Hopkins, delinquent tax collector, during the month of April, 1937, collected of the aforesaid executions the number of 262 in full, and 37 in part. That under Section 2854, Vol. 2, Code, 1932, petitioner is entitled to the sum of $278.01 as fees.

That on May 5, 1937, W. H. Hopkins, delinquent tax collector, turned over to Robert N. Smith, county treasurer, the sum of $1,090.37, the costs and penalties collected on delinquent tax executions during April, 1937, included in which amount is $278.01, to which petitioner is entitled.

That petitioner has an equitable interest in approximately 10,000 tax executions not yet collected, and will be entitled to $1.00 on each such execution when it is collected.

That the governing body of the county denies that petitioner is entitled to the $278.01 claimed by him and refuses to pay him or to issue voucher or warrant therefor.

That petitioner has no other adequate and complete remedy at law to enforce his rights, and, therefore, asks that a writ of mandamus do issue to compel these officers to pay the said sum of $278.01 to petitioner, and that they be directed to issue vouchers each month for the treasurer's costs collected by the delinquent tax collector the preceding month on the uncollected tax executions, set forth in this petition, as they are collected.

The petition alleges as the ground of its prayer for a writ of mandamus that, if the cause is compelled to proceed in the Circuit Court, and proceeds without delay, which is highly improbable, it cannot reach this Court before the October term, which would prejudice petitioner, for the reason that the sums collected as delinquent taxes will be paid into the county treasury and mingled with the general funds of the county and disbursed for general county· purposes. That petitioner will be relegated to his right to obtain a judgment against the county which is not an adequate and complete remedy at law.

Upon presentation of this petition, Mr. Chief Justice Stabler issued a rule requiring respondents to show cause. at the June, 1937, term of the Court why the mandamus prayed for should not issue.

To the rule, respondents made return and answer, to which petitioner demurred, and, subject to the demurrer, filed a reply.

Respondents gave notice that on the call of the cause for hearing in this Court they would move to strike from the petition certain parts thereof.

Because of the view which we take of the case, it is not necessary to consider and decide the issues of practice made by the several pleadings.

The fundamental issue in this matter is: Has the petitioner shown that he has no adequate and complete remedy at law?

We reproduce in full the reasons which he assigns as the grounds for his assertion that, unless the mandamus prayed for be issued, he has no other adequate and complete remedy:

"That the petitioner alleges that the right to the aforesaid money now in the county treasury and the right to the $1.00 on each of the aforesaid 10,000 tax executions, as and when they are collected, which will amount to approximately $300.00 per month, is of vital importance to him individually as well as the county treasurer, and of vital importance to the proper administration and disbursement of the funds in the treasury of Greenville County by the proper authorities and this petitioner respectfully asks the Court to take original jurisdiction of the cause and direct that the cause proceed with all convenient dispatch. If the cause is compelled to proceed in the Circuit Court, and it proceeds with the quickest dispatch, without delay, which is highly improbable, the cause could not reach this honorable Court before its October term for final adjudication, which would be of material prejudice to the rights of petitioner in that if the rights of the parties herein are not finally adjudicated with the quickest dispatch, the costs now in question and those turned into the treasury each succeeding month by the delinquent tax collector will be mingled with the general funds of the county and the county warrants issued by the Supervisor and County Board of Commissioners against these aforesaid funds for general purposes, as has been done heretofore by these officers. If this happens, and based upon the past petitioner has every right to believe it will, petitioner will be deprived of his only complete and adequate remedy to recover the fees he is entitled to under the statutory law of this State, and will suffer irreparable injury, for if the funds in question and those paid in each succeeding month are paid out and disbursed, the remedy left petitioner is to secure a money judgment against

the county which does not give him a complete and adequate remedy and does not fully protect his rights."

However desirable these allegations may show it to be for petitioner to have the aid of the Court to compel by mandamus the payment of this sum of $278.01, the allegations fall short of showing that petitioner has no other adequate remedy at law. Indeed they practically admit that petitioner may sue in the Court of Common Pleas, and get judgment, but that in the meantime the funds thus collected will be mingled with the general funds of the county. But they do not allege that the petitioner would be unable to collect his judgment. Petitioner certainly has faith in his ability to collect a much larger judgment against the county based on an identical cause of action.

It appears from the record that the plaintiff on the 8th day of May, 1937, issued his amended complaint against Greenville County seeking to recover judgment in the sum of $16,665.33 for fees of $1.00 each collected on tax executions issued by him as county treasurer since July 1, 1931, to April 1, 1937. On the same day this complaint was sworn to by petitioner, May 8, 1937, he swore to this petition for mandamus to compel the payment to him by the fiscal officers of Greenville County of the sum of $278.01 due him for fees collected during the month of April, 1937, for the very same service from which the fees sued for in the amended complaint arose.

It seems wholly illogical to say in effect that petitioner has a just and true cause of action against Greenville County in the sum of $16,665.33 for fees collected on delinquent tax executions issued from July 1, 1931, to April 1, 1937, for which he demands judgment against the county, and then to say that he has no adequate remedy to collect by suit against the county the sum of $278.01 for fees of the identical nature collected between April 1, 1937, and May 8, 1937.

There is an utter failure on the part of the petitioner to show that his action in the Circuit Court will be ineffective to collect his fees.

Without passing upon the various issues made by the return and answer, it is proper to say that they raise questions of fact which should be heard and determined in the Circuit Court.

It may be proper to say that the petition for mandamus appears to be an effort to split into two actions that which could have been combined in one.

In the case of *Mitchell v. Fed. I. C. Bank,* 165 S. C., 457, 164 S. E., 136, 138, 83 A. L. R., 629, Mr. Justice (now Chief Justice) Stabler, quoting from 34 C. J., 827, said this: "Where a demand or right of action is in its nature entire and indivisible, it cannot be split up into several causes of action and sued piecemeal, or made the basis of as many separate suits."

It does not need the citation of authority in support of the postulate that mandamus will not issue in aid of one who has an adequate remedy at law.

We think there is no merit in the contention of petitioner that, if the funds in question be mingled with the general funds of the county, his injury would be irreparable; yet it appears from Paragraph 5 of his petition that on May 5, 1937, this identical sum was included in the sum of $1,090-.37 turned over to petitioner as county treasurer and is now in the treasury of Greenville County.

Nor do we think that there is merit in the contention of petitioner that he is entitled to the mandamus sought because his claim is one in the nature of fees fixed by law, and that the act of the officers sought to be compelled is purely ministerial. The return to the rule raises questions of fact which should be determined before the claim is paid.

In the case of *Perrin v. Scarborough,* 132 S. C., 355, 128 S. E., 45, relied on by petitioner, the real issue was whether

Perrin, the former treasurer, who issued the delinquent tax executions upon which the fees were collected, or Smith, the treasurer when the fees were collected, was entitled to them. These fees were still in the hands of the sheriff. The Court held that Perrin, the treasurer who issued the tax executions, was entitled to the fees, and ordered the sheriff to pay them to him. That is not the issue involved in this case.

The petition for mandamus is denied.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.